LEWIS PARKHURST & others *vs.* CITY OF REVERE.

Suffolk.    November 14, 1927. — May 23, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*School and School Committee. Municipal Corporations*, Budget. *Evidence*, Presumptions and burden of proof.

An action of contract by a publisher of school books against the city of Revere for books sold and delivered to the defendant was heard by a judge without a jury upon an agreed statement of facts from which it appeared that the school committee of the city had submitted to the mayor as required by St. 1914, c. 687, § 49, an estimate of its expenses; that the amounts appropriated by the mayor and city council had been for an amount much less than the estimate; that thereafter the sale and delivery were made by the plaintiff, and there then were no funds available to pay therefor. In placing orders with the plaintiff, the school committee informed him of the foregoing facts. Some orders were in excess of $200. The plaintiff was the only publisher of the books in question. *Held*, that

(1) It was impossible to determine from the agreed facts whether the estimate submitted by the school committee to the mayor and city council did or did not include an amount sufficient to pay for all the textbooks alleged to have been purchased from the plaintiffs;

(2) The burden of establishing that that estimate included an amount sufficient to pay for the textbooks in question was on the plaintiff;

(3) *Whether*, in any circumstances, the school committee had the power to charge the city for a debt incurred in excess of an appropriation was not decided;

(4) It appearing that some of the orders for purchase in excess of $200 were not approved by the mayor under St. 1914, c. 687, § 41, there could be no recovery as to them in any event.

(5) Judgment was ordered for the defendant.

CONTRACT, by a partnership doing business under the name Ginn and Company, for school books alleged to have been sold to the defendant.    Writ dated May 20, 1926.

In the Superior Court, the action was heard by *Bishop*, J., without a jury, upon an agreed statement of facts. Material facts are stated in the opinion.

At the close of the evidence, the defendant asked for the following rulings, among others:

8. "That the school committee had no authority to make this contract."

14. "That upon all the evidence the plaintiffs are not entitled to recover and that the verdict must be for the defendant."

The judge made the following rulings of law and found for the plaintiffs in the sum of $724.42.

"1. Upon all the evidence the plaintiffs are entitled to recover on all orders for less than $200.

"2. The sale and delivery of the textbooks ordered imposed upon the defendant city a legal and enforceable obligation to pay for them provided the amount of each order was less than $200.

"3. If the school committee included in its estimate for 1921, made under St. 1914, c. 687, § 49, an amount sufficient to pay for the textbooks ordered, sale and delivery thereof imposed upon the defendant city a legal and enforceable obligation to pay for them, even though the 1921 budget did not provide a sufficient appropriation, provided that the textbooks ordered were necessary for use in the schools, and provided further that the school committee complied with the provisions of St. 1914, c. 687, § 40.

"4. After the school committee has included in its estimate made under St. 1914, c. 687, § 49, an amount sufficient to pay for textbooks to be ordered, it has power to make valid purchases or contracts for the purchase thereof prior to and irrespective of the amount of the subsequent budget appropriation therefor, provided the textbooks ordered are necessary for use in the schools, and provided further that the school committee complies with the provisions of St. 1914, c. 687, § 40.

"5. For the purchase of textbooks the school committee can cause liability to be incurred beyond the aggregate appropriation granted by the city council in spite of St. 1914, c. 687, § 49, provided the school committee has first included in its estimate made under § 49 an amount sufficient to pay for them."

"9. The liability attempted to be incurred by the school committee in placing orders for $200 or more was in violation of St. 1914, c. 687, § 40."

Both parties alleged exceptions.

Sections 40 and 41 of St. 1914, c. 687, read as follows:

"Whenever mechanical or other work is required to be done or supplies are required, for the city, at a cost amounting to two hundred dollars or more, the board, department or committee having the matter in charge shall invite proposals therefor by advertisements, which advertisements shall state the time and place for opening the proposals, and shall reserve the right to reject any or all proposals. Every proposal for doing such work or making such sale shall be accompanied by a suitable bond or certificate of deposit for the faithful performance of the same; and all such proposals shall be kept by the officer, department or board inviting the same, and shall be open to public inspection after they have been accepted or rejected.

"All contracts made by any department, board or commission in which the amount involved is two hundred dollars or more shall be in writing, and no such contract shall be deemed to have been made or executed until the approval of the mayor and of the department or board making the contract is affixed thereto. Any contract made as aforesaid may be required to be accompanied by a bond with sureties satisfactory to the board or committee having the matter in charge, or by a deposit of money or other security for the faithful performance thereof, and such bonds or other securities shall be deposited with the city treasurer until the contract has been carried out in all respects; and no such contract shall be altered except by a written agreement of the contractor, the sureties on his bond and the officer, department or board making the contract, with the approval of the mayor affixed thereto."

*J. A. Di Pesa,* City Solicitor, *A. D. Diamond & P. Mondello,* for the defendant, submitted a brief.

*R. Wait,* for the plaintiffs.

CROSBY, J. This is an action of contract to recover, on an account annexed, $1,226.99, the purchase price of certain textbooks sold by the plaintiffs to the defendant in 1921. The defendant's answer is a general denial and payment. The case was heard upon an agreed statement of facts by the trial judge, who ruled and found that the plaintiffs were en-

titled to recover on all orders for less than $200. The case is before this court upon exceptions of the plaintiffs and of the defendant, and also upon an appeal taken by the defendant from an order for judgment in favor of the plaintiffs.

Material portions of the agreed facts are as follows: On October 20, 1921, the superintendent of schools of the defendant city wrote to Ginn and Company, a partnership in which the plaintiffs are copartners, stating that the school department had no funds available for textbooks; that the school committee had voted and directed him to make such purchases thereof as were necessary regardless of appropriations; that bills so contracted might not be paid until after the first of January, and that if Ginn and Company were willing to sell textbooks under those conditions they could ship the textbooks therein described to the school department. On November 23, 26 and 28, and December 2, 1921, the superintendent wrote to Ginn and Company letters in the same form ordering additional textbooks. Again on December 8, 1921, a letter was sent by the superintendent ordering certain textbooks and requesting that the bills therefor be sent to the school department. At the time he wrote each letter, the superintendent knew the condition of the accounts of the school department. The plaintiffs knew only what was stated in the letters.

The vote of the school committee referred to above was passed at a meeting held on October 14, 1921, and read as follows:

WHEREAS — the duty of maintaining schools of proper standard in the City of Revere, and the furnishing of sufficient text books, supplies, and apparatus is laid upon the School Committee by law, and

WHEREAS — the School Committee is unable to furnish instruction up to the standard to which our children are entitled, because of insufficient text-books, supplies, and apparatus, thereby causing a most serious emergency, and

WHEREAS — the City Government of Revere has failed to furnish sufficient funds upon request of the School Committee necessary to maintain the schools properly, and as required by law, therefore be it

RESOLVED — that the School Committee should and shall purchase such text books, supplies, apparatus, and furnishings as are needed for the schools, even though such purchase shall result in expenditures in excess of the appropriation of the School Committee.

Mr. Jackson

MOVED That the Superintendent be instructed to purchase such text books, supplies, apparatus, and furnishings as may be needed — all purchases to be subject to the approval of the proper sub-committees. VOTED.

Mr. Jackson

MOVED That the communication from Mr. Kingsley be received, entered in the records, acknowledgment made expressing the appreciation of the School Committee, and that a copy of Mr. Kingsley's letter together with the resolution adopted and the motion passed in regard to the purchase of books, etc., be sent to His Honor, the Mayor, and the City Council. VOTED.

This vote was passed after consideration by the school committee of a report made by one Kingsley, State supervisor of high schools, relative to the supply of textbooks in the Revere schools. The textbooks ordered from the plaintiffs by the letters of the superintendent were reasonably necessary for the proper maintenance of the defendant's schools.

The school committee in the month of January, 1921, in accordance with the provisions of St. 1914, c. 687, § 49 (city charter of Revere) submitted to the mayor of Revere an estimate in detail of the amount which it deemed necessary to expend for the care and maintenance of the schools during the succeeding financial year, and included therein the following item: "Text-books and supplies $26,024.72." The mayor and city council appropriated only $15,000 for this item. In July, 1921, the school committee submitted an additional estimate for textbooks and supplies of $5,393.65, but only $2,500 was appropriated, and on September 22, 1921, an additional estimate of $8,500 was submitted for which no appropriation was made. During the financial

year 1921, the school department expended for textbooks and supplies from the money appropriated $17,442.72, and incurred unpaid bills for textbooks and supplies amounting to $10,151.42, including the bill of the plaintiffs. At the time the orders were given to the plaintiffs, the appropriation for textbooks and supplies had been expended, and there was no money available nor was any more money appropriated by the mayor and city council thereafter for this purpose.

Ginn and Company delivered the textbooks and sent eighteen invoices therefor made out to the city of Revere at the regular list prices less the usual discount. The prices charged were reasonable. All the invoices were approved by the school committee as being correct and payable. The sum of $1,226.99, as shown by the account annexed, was ascertained by deducting the sums credited for books returned from the amount the invoices totaled. The school committee did not invite proposals by advertisements for the textbooks ordered. Ginn and Company, however, was the only firm which published these books. It was the practice of this company in dealing with the municipalities to sell directly to the city or town and not through dealers, but it nevertheless allowed the city of Revere the prevailing dealers' discount. The price of the books ordered was as follows: October 20, first order $174.54; October 20, second order $514.47; November 23, $215.77; November 26, the original order contained a duplicate of part of that of November 23 and totaled $248.79, but when adjusted to eliminate the duplication it was $192.27; November 28, $16.65; December 2, $59.22, which was later credited; December 8, $166.59.

The trial judge, at the request of the defendant, found that the school committee's budget for the year had been submitted to the mayor and city council prior to the ordering and delivery of these goods; that the appropriation for textbooks had been expended prior to the ordering of these textbooks; that at the time the orders were placed there was no money available to pay for the books ordered, nor had any money been appropriated to pay for them; and that the

plaintiffs knew there was no money available for that purpose when the books were delivered to the defendant city.

At the outset the question is presented whether under the circumstances the school committee has the power to involve the city in debt in excess of an appropriation therefor. G. L. c. 71, § 48, provides in part that "The [school] committee shall, at the expense of the town [town includes city, G. L. c. 4, § 7, cl. 34], purchase textbooks . . . ." This provision is mandatory. *Decatur* v. *Auditor of Peabody,* 251 Mass. 82, 88, 89. St. 1914, c. 687, § 49, provides in part that "Unless otherwise required by law, the school committee shall cause no liability to be incurred . . . beyond the aggregate appropriation granted by the council . . . ."

However, the provisions of G. L. c. 44, entitled "Municipal Finance," were intended to place municipal expenditures upon a strict budget basis. The school committee is required by § 49 of St. 1914, c. 687, to submit in January of each year an estimate of the amount of money necessary for the proper maintenance of the schools during the succeeding financial year; it is thus required to plan for its expenditures in advance. Obviously the legislative purpose cannot be accomplished if any department is allowed to make expenditures which were not included in the estimate submitted by it.

It remains to be considered whether the school committee in the case at bar included in its estimate for the financial year 1921 an amount sufficient to pay for textbooks reasonably required during that year. The case was tried on an agreed statement of facts by a judge without a jury. No other evidence was introduced by either party. It is impossible to determine from the agreed facts whether the estimate submitted by the school committee did or did not include an amount sufficient to pay for all the textbooks alleged to have been purchased from the plaintiffs. The burden was on the plaintiffs to establish that the estimate included an amount sufficient to pay for the textbooks in question.

Without intimating whether under any circumstances the school committee has the power to charge the city for a debt incurred in excess of an appropriation, it is plain that the

submission of an estimate for an amount sufficient to pay for the textbooks sold by the plaintiffs is a prerequisite to the imposing upon the city of a binding obligation.

The plaintiffs excepted to the rulings restricting the amount of recovery to orders for less than $200. Orders for $200 or more are not valid until approved by the mayor. St. 1914, c. 687, § 41. *McLean* v. *Mayor of Holyoke*, 216 Mass. 62. St. 1896, c. 438, § 52, and R. L. c. 42, § 35, involved in the case last cited, are similar in terms to St. 1914, c. 687, § 41, and G. L. c. 71, § 48, which are pertinent to the case at bar. The plaintiffs in their brief do not argue that the provisions of St. 1914, c. 687, § 41, are not applicable.

It results that the defendant cannot be charged with liability for any of the textbooks for which recovery is sought. The plaintiffs' exceptions are overruled. The defendant's exceptions to the refusal of the court to make the rulings eight and fourteen requested by it are sustained, and judgment is to be entered for the defendant.

*So ordered.*