FRANCOIS LARIVIERE *vs.* EMILE BOUCHER.

Worcester.   October 27, 1936. — March 29, 1937.

Present: RUGG, C.J., CROSBY, FIELD, LUMMUS, & QUA, JJ.

*Practice, Civil,* Amendment; New trial; Appellate Division: appeal.

Action by a trial judge in admitting evidence, not then relevant on any issue raised by the pleadings, but relevant if the answer were amended as he then suggested and as afterwards was done; and in vacating a finding afterwards made and permitting a new trial on a restricted issue alone disclosed no abuse of discretion or error of law.

A finding of fact involving no ruling of law is not reviewable on appeal from a decision of an appellate division.

CONTRACT. Writ in the Central District Court of Worcester dated May 17, 1935.

The action was heard by *Wall*, J., who found for the defendant and reported to the Appellate Division for the Western District rulings at two trials before him. The report was ordered dismissed. The plaintiff appealed.

The case was submitted on briefs.

*E. A. Brodeur*, for the plaintiff.

*C. S. Murphy & H. J. Nugent*, for the defendant.

RUGG, C.J. This is an action of contract to recover for money lent by the plaintiff to the defendant. The answer of the defendant contained a general denial and plea of payment. At the trial, questions were asked of the plaintiff on cross-examination concerning his knowledge of the bankruptcy of the defendant. The plaintiff objected to this line of inquiry on the ground that the defence of bankruptcy was not open under the pleadings; the questions were admitted by the trial judge, who suggested that the defendant could later amend his answer. The plaintiff testified in response to these questions that he had received no notice of the bankruptcy of the defendant, that he saw in a paper something about the bankruptcy and knew from that that the defendant had gone into bankruptcy, and that this was subsequent to the lending of money to the defendant. The plaintiff claimed a report on this ruling. Later the defendant was allowed to amend his answer by pleading his bankruptcy and his discharge in bankruptcy. The plaintiff objected to the allowance of the amendment and requested a report thereon. On October 4, 1935, a finding was made in favor of the plaintiff. On October 7, 1935, the defendant filed a motion to vacate the finding and to reopen the case so that he could submit further evidence of his bankruptcy and his discharge. The trial judge vacated the finding but denied the motion for a new trial. On February 7, 1936, the defendant's motion for new trial was allowed only to present "evidence as to bankruptcy and discharge therein." On March 13, 1936, a finding was made that the defendant was discharged in bankruptcy and that the plaintiff had seasonable notice of

the bankruptcy. A general finding was made for the defendant. The plaintiff's request for a report to the Appellate Division filed on March 16, 1936, and allowed on May 18, 1936, set out these matters: "1. The ruling at the trial that the defendant could amend his answer by adding thereto, and subsequently to the hearing, a plea of bankruptcy and immediately proceed to question the plaintiff on that plea. 2. The ruling of the court on the defendant's motion to vacate finding. 3. The finding on the evidence that the plaintiff had 'seasonable' notice of the bankruptcy of the defendant. 4. The refusal of the judge to receive further testimony on the question of notice of the plaintiff of the bankruptcy of the defendant at the second trial of the cause. 5. The limiting of the testimony at the second trial of the cause to the admission of evidence of the defendant's discharge in bankruptcy only."

It is plain that the allowance of the amendment to the answer of the defendant presents no error of law. That rested within the sound judicial discretion of the trial judge. G. L. (Ter. Ed.) c. 231, § 51. *Pizer* v. *Hunt,* 253 Mass. 321, 331. *Shapiro* v. *McCarthy,* 279 Mass. 425. *Ames* v. *Beal,* 284 Mass. 56, 62. *Ducharme* v. *Coe Motors Inc.* 275 Mass. 69, 71. The plaintiff did not ask for a continuance on the ground of surprise when bankruptcy was suggested as a defence. The record does not show abuse of discretion by the trial judge or prejudice to the plaintiff. *Howe* v. *Pierson,* 12 Gray, 26. *Noble* v. *Mead-Morrison Manuf. Co.* 237 Mass. 5, 16.

The granting of the motion to vacate the finding did not constitute error in law. It was within the power conferred upon the trial judge. G. L. (Ter. Ed.) c. 231, § 129. Rule 26 of the District Courts (1932). *McKinley* v. *Warren,* 218 Mass. 310. *Malden Trust Co.* v. *Perlmuter,* 278 Mass. 259. *Nerbonne* v. *New England Steamship Co.* 288 Mass. 508, 510. The trial judge found as a fact that the plaintiff had seasonable notice of the bankruptcy. No request was made for a ruling of law as to what knowledge on the part of the plaintiff was necessary, or that there was not sufficient evidence to support such a finding. It cannot be

determined from the record what was the precise date when the knowledge of the plaintiff was acquired. The burden rests on the party seeking reversal to show that harm was done to him by the ruling of which complaint is made. *Posell* v. *Herscovitz,* 237 Mass. 513, 516. *Kolda* v. *National-Ben Franklin Fire Ins. Co.* 290 Mass. 182. *MacDonald* v. *Adamian,* 294 Mass. 187, 190.

Findings of fact are not reviewable on this appeal. It brings before us for review only rulings of law made by the trial judge and reported to the Appellate Division, and questions of law touching the action of the Appellate Division. *Woodman* v. *Haynes,* 289 Mass. 114, 116. *Bresnick* v. *Heath,* 292 Mass. 293, 296. No error is disclosed on this point.

There was no reversible error in the exclusion at the second trial of additional evidence relative to the plaintiff's knowledge of the bankruptcy of the defendant. Knowledge by the plaintiff of that bankruptcy was proved at the first trial and the finding to that effect had not been disturbed. It stood as a part of the case. Moreover, the plaintiff did not save his rights to the exclusion of that evidence.

The scope of the second trial was restricted to the presentation of evidence as to the bankruptcy of the defendant and his discharge therein. Such limitation of the scope of the hearing was within the power of the trial judge. *Daniels* v. *Cohen,* 249 Mass. 362. *Simmons* v. *Fish,* 210 Mass. 563.

All the questions argued by the plaintiff have been considered. No reversible error appears.

*Order dismissing report affirmed.*