ANCHOR STEEL COMPANY *vs.* TOWN OF GRANVILLE.

Hampden.    September 20, 1945. — November 8, 1945.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Municipal Corporations,* Contracts, Municipal finance. *Contract,* Validity, With municipality. *Sale,* Contract of sale. *Practice, Civil,* Amount of judgment. *Interest.*

A contract for the purchase of highway equipment by a town was made, and any liability of the town therefor was incurred, in October, when the seller obtained an order for the equipment from a town official, although it was arranged between them that the town should not be billed until the following January.

In determining whether, at the time of the making of a contract for a town's purchase of equipment in the nature of a current expense, there was a balance available in the appropriation to which the purchase should be charged sufficient to meet the purchase price, the amounts needed to satisfy preëxisting obligations chargeable to that appropriation should be deducted from the then unexpended balance if such obligations were legally enforceable against the town, but they should be disregarded if they were not legally enforceable against it.

A contract made by a town for the purchase of equipment in the nature of a current expense, entered into at a time when no appropriation had been made for the purpose and there was no extreme emergency involving the health or safety of persons or property, was not legally enforceable against the town by the seller.

In an action for goods sold, heard by an auditor whose findings were final, a judgment for the plaintiff should be for the amount of the purchase price plus interest thereon from the date of the writ to the date of the auditor's report, with interest on the total from the date of the auditor's report to the date of entry of judgment.

CONTRACT.    Writ in the Superior Court dated September 19, 1942.

The case was heard by *Hammond,* J., upon an auditor's report.

In this court the case was submitted on briefs.

*W. Reid,* for the plaintiff.

*T. H. Kirkland,* for the defendant.

DOLAN, J.  This is an action of contract upon an account annexed.  The answer is a general denial.  The case was

referred to an auditor whose findings of fact were to be final. His report is therefore in effect a case stated. The case comes before us on the plaintiff's appeal from the order of the judge that judgment be entered for the defendant.

Material facts found by the auditor may be summed up as follows: On October 17, 1940, the plaintiff obtained an order from the superintendent of streets of the defendant town for two sets of "Anchor scarifier teeth for Stockland machine made to specifications" at an agreed price of $194.13. The terms were "2% 10 days, net 30 days." The order called for billing on January 15, 1941. The plaintiff shipped the teeth to the defendant on November 15, 1940, and sent a bill for them dated on the same day. The date of the bill later at the request of the superintendent of streets was changed to January 15, 1941. On February 24, 1941, the defendant, acting through a newly elected board of selectmen, sent a communication to the plaintiff requesting cancellation of the order for the teeth and shipped them to the plaintiff, which refused to accept them from the railroad. At a special meeting of the town held July 21, 1941, it was voted not to appropriate $194.13 to pay for the teeth. The only appropriation in 1940 to which the plaintiff's bill could be charged was the "machinery" account. The unexpended balance on October 17, 1940, as shown by the account was $956.42. Four items incurred on that account but not paid were for valid preexisting contracts totalling $495.51. There were two other items charged to the account, one for the rental or purchase from the Warren D. Sampson Company of a grader upon which there was still due a balance of $168.46 at the time of the purchase of the teeth from the plaintiff, and the other for the rental or purchase of a snow plow from the Sampson company upon which there was due at the same time a balance of $280. The contracts for these rentals or purchases from the Sampson company were entered into as follows: On May 6, 1939, when no appropriation had been made for the purpose, the selectmen of the town entered into an oral contract with the Sampson company whereunder it "rented" a road grader to the town. "Rent" of

$25 a month was to be paid by the town until the "full purchase price" of $393.46 was paid, when title to the grader was to be transferred to the town.  In November, 1939, the selectmen entered into a similar agreement with the same company whereby a snow plow was "rented" to the town, the "rent" to be $50 payable monthly until the "full purchase price" of $480 was paid, when title would be transferred to the town.  There was no appropriation for the purchase of the snow plow when this agreement was made.  At the annual town meeting in February, 1940, no action was taken on two articles in the warrant designed to "transfer" from the machinery account of 1940 sums sufficient to pay the balance due on the grader and the entire cost of the snow plow.  On March 27, 1940, the selectmen authorized the expenditure from the machinery account of $200 to apply to the "rental" or purchase of the plow and $50 for "rental" or purchase of the grader.  These two contracts were in fact conditional sales agreements and, when made, no appropriation was available to pay for the plow and the grader, or either, and no extreme emergency involving the health or safety of persons or property existed when they were acquired.  The auditor excluded from computation of the unexpended machinery account as of October 17, 1940, the date of the agreement made with the plaintiff, the amounts due on the "rental" or "purchase" contracts with the Sampson company, finding that they were not proper charges against that account as of October 17, 1940; and found that there was available in the machinery account on that date $460.91 as an unexpended balance, which was not needed for the satisfaction of any valid preexisting contracts charged against the town, and that the unexpended balance was more than sufficient to satisfy the plaintiff's claim.  If the items relating to the contracts with the Sampson company were improperly excluded by the auditor in determining the balance in the machinery account, the balance would be but $12.45 at the time of the purchase of the teeth from the plaintiff.

Upon the coming in of the report of the auditor, the judge, after hearing, denied the plaintiff's motion for judg-

ment for it on the report and ordered that judgment be entered for the defendant.

The agreement for the purchase of the scarifier teeth was made on October 17, 1940, and the liability, if any, of the town was incurred on that date. *Remington Typewriter Co.* v. *Revere,* 285 Mass. 1, 5–6. See also *Browne* v. *Boston,* 179 Mass. 321; *Parkhurst* v. *Revere,* 263 Mass. 364. The authority of the officers of the town under G. L. (Ter. Ed.) c. 44, § 13, to incur liabilities between December 31 and the next appropriation is to be strictly construed in accordance with the policy of the municipal finance act (G. L. [Ter. Ed.] c. 44). *Flood* v. *Hodges,* 231 Mass. 252, 256. *Continental Construction Co.* v. *Lawrence,* 297 Mass. 513, 514–515. *McCarthy* v. *Malden,* 303 Mass. 563, 567. The purchase of the scarifier teeth on October 17, 1940, was in the nature of a current expenditure for that year and could be paid only if there was a sufficient balance available therefor at that time. In the determination of whether there was then a sufficient balance in the appropriation therefor, the plaintiff was entitled to show the true state of the account. The burden of proving a legally enforceable contract rested upon the plaintiff. *Cerwonka* v. *Saugus,* 316 Mass. 152, 154. In determining whether a liability to be incurred exceeds a departmental appropriation, the court, in *McHenry* v. *Lawrence,* 295 Mass. 119, 122–123, said in part, "the amounts needed for the satisfaction of all preëxisting contracts . . . must be deducted from the appropriation." Manifestly the court had in mind legally enforceable obligations chargeable to the particular appropriation. It follows that it was competent for the plaintiff to show, as was found by the auditor, that two of the preexisting accounts by which the machinery account purported to be encumbered on October 17, 1940, were in fact based upon conditional sales purchases for which no appropriation existed when the transactions were entered into in 1939. This being so, the balance of $448.46 purporting to be due on the two contracts to the Sampson company was not a valid charge against the machinery account (G. L. [Ter. Ed.] c. 44, § 31), and therefore these items were

properly excluded by the auditor in determining the true unexpended balance of that account at the date of the agreement upon which the plaintiff relies.

' The finding of the auditor that there was sufficient appropriation to pay for the articles in question purchased from the plaintiff on October 17, 1940, was right. Accordingly the order that judgment be entered for the defendant is reversed, and instead judgment is to be entered for the plaintiff in the sum of $194.13, with interest from the date of the writ to the date of the auditor's report and interest on that total sum to the date of entry of judgment. G. L. (Ter. Ed.) c. 235, § 8. *Buckley & Scott Utilities, Inc.* v. *Petroleum Heat & Power Co.* 313 Mass. 498, 509–510.

*So ordered.*