LUCIEN DUFF *vs.* TOWN OF SOUTHBRIDGE.

Worcester.  September 26, 1949. — January 13, 1950.

Present: QUA, C.J., LUMMUS, SPALDING, & COUNIHAN, JJ.

*Municipal Corporations,* Contracts, Municipal finance, Purchasing.  *Contract,* Validity, With municipality.  *Practice, Civil,* Appeal.  *Error,* Whether error shown.

A denial of a motion by the plaintiff in an action at law to dismiss an appeal by the defendant on the ground that the defendant had failed to enter the case in this court within five days after the date of notice from the clerk that the necessary papers were ready, as required by G. L. (Ter. Ed.) c. 231, § 135, could not be disturbed where the record before this court respecting the motion failed to show anything as to the clerk having sent notice to the defendant that the papers on the appeal were ready.

In an action at law wherein an order for judgment was entered upon a purported "statement of agreed facts" which actually was not a case stated but merely an agreement as to evidence to be submitted, an appeal lay from the order for the sole purpose of determining whether it was warranted by such evidence.

In the absence of an "extreme emergency" within G. L. (Ter. Ed.) c. 44, § 31, that section precluded recovery by a contractor from a town on a claim for work done on a highway at unit prices pursuant to a contract between him and the town, so far as the claim exceeded the amount of the appropriation by the town for the highway project less sums needed to satisfy valid obligations to others which were chargeable to that appropriation and had priority over the claim of the contractor.

An "extreme emergency" within G. L. (Ter. Ed.) c. 44, § 31, with respect to a contract between a town and a contractor for rebuilding a portion of a highway in the town was not shown by the facts that such portion of the highway was at a "very bad turn" on a hill and was "one of the worst pieces of road in" the town and that the rebuilding "was necessary for the safety and security of the public."

The amount which a contractor might recover from a town for work done on a highway therein pursuant to a contract with him was subject to the restriction imposed by G. L. (Ter. Ed.) c. 44, § 31, notwithstanding the fact that in the year in which the contract was made an amount ample to pay the contractor's claim in full was received by the town and was available "for local highway purposes" under St. 1939, cc. 232, 469, and 504.

The amount of surplus in the treasury of a town is immaterial in determining the validity under G. L. (Ter. Ed.) c. 44, § 31, of a claim against

the town under a contract for highway construction with the claimant.

A contract made by a town for purchase of materials for $560.72, which was the lowest of the prices "quoted" by "several . . . reputable dealers" from whom prices were "solicited orally," was invalid because made in violation of a by-law of the town requiring "open competition wherein written bids are called for" in connection with "any contract . . . involving the expenditures of $500 or more."

CONTRACT. Writ in the Superior Court dated January 9, 1945.

The action was heard by *Swift*, J., without a jury.

*J. J. O'Shaughnessy, Jr.*, for the defendant.

*C. E. Tupper*, for the plaintiff.

SPALDING, J. This is an action of contract to recover for labor and materials furnished by the plaintiff to the defendant under a written contract. From a finding for the plaintiff the defendant appealed. The case also comes here on the plaintiff's appeal from the denial of his motion to dismiss the defendant's appeal on the ground that the appeal was not entered in this court within the time required by G. L. (Ter. Ed.) c. 231, § 135.

## THE PLAINTIFF'S APPEAL.

By G. L. (Ter. Ed.) c. 231, § 96, a party may appeal to this court from any order of the Superior Court "decisive of the case founded upon matter of law apparent on the record." If we assume that the denial of the plaintiff's motion was an appealable order within the provision of § 96 just mentioned (see *Gordon* v. *Willits*, 263 Mass. 516, 520; *Kolda* v. *National-Ben Franklin Fire Ins. Co.* 290 Mass. 182), we are nevertheless of opinion that the plaintiff has failed to show error. "The burden rests on the party seeking reversal to show that harm was done to him by the ruling of which complaint is made." *Lariviere* v. *Boucher*, 297 Mass. 27, 30. The plaintiff's motion appears to be based on an alleged failure by the defendant to enter the case in this court within five days after the date of notice from the clerk that the necessary papers were ready, as re-

quired by G. L. (Ter. Ed.) c. 231, § 135.[1] The docket discloses that the appeal was claimed on September 29, 1947, and that an order for the preparation of the papers for transmission to this court was given on the same day. It further appears that an estimate of the expense of preparing the papers was mailed on October 17, 1947, and that the amount of the estimate was paid on October 22. But there is no record on the docket of any other steps taken to perfect the appeal. There is no copy before us of any notice sent by the clerk to the defendant informing it that the papers were ready, and the docket furnishes no information whatsoever on the matter. On this record it cannot be said that the plaintiff has sustained the burden of showing that there was error in the denial of his motion. See *Kolda* v. *National-Ben Franklin Fire Ins. Co.* 290 Mass. 182, 184–185. *Neilson* v. *Malcolm Kenneth Co.* 303 Mass. 437, 438–439.

## THE DEFENDANT'S APPEAL.

The case on the merits was heard on a "statement of agreed facts" by a judge, who found for the plaintiff in the sum of $7,202.76. The defendant appealed. G. L. (Ter. Ed.) c. 231, § 96. We treat the finding as an order for judgment. *Pepperell* v. *Somerville,* 321 Mass. 413, 414. Since the facts contained in the "statement of agreed facts" were "agreed upon as evidence to be submitted to the court," this is not a case stated but an agreement as to evidence. *Frati* v. *Jannini,* 226 Mass. 430, 431. *King Features Syndicate, Inc.* v. *Cape Cod Broadcasting Co. Inc.* 317 Mass. 652, 653. An appeal lies in such a case under § 96, but only for the purpose of determining the correctness of an "order decisive of the case founded upon matter of law apparent on the record." The order for judgment was "decisive of the case." But the only "matter of law apparent on the

---

[1] Section 135 requires, among other things, that the clerk or other appropriate official of the court in which the case is pending shall prepare the papers for transmission to this court "and when they are ready shall give notice in writing of such fact to the party ordering them, who, within five days after the date of such notice . . . shall enter the case in the supreme judicial court."

record" here is whether that order is warranted by the evidence. *Pequod Realty Corp.* v. *Jeffries*, 314 Mass. 713, 716, and cases cited. *King Features Syndicate, Inc.* v. *Cape Cod Broadcasting Co. Inc.* 317 Mass. 652, 653.

Pertinent evidence agreed to by the parties includes the following: At the annual town meeting in 1940 of the town of Southbridge (hereinafter called the town) it was voted "That the town raise and appropriate the sum of five thousand ($5,000) dollars to rebuild that part of Elm Street known as Lebanon Road from its junction with Brickyard Road southerly, the same to be taken from the tax levy of 1940." On June 10, 1940, a contract was executed between the plaintiff and the defendant by the terms of which the plaintiff agreed to do certain work on the road in accordance with a schedule of prices set forth in the contract. The contract was validly executed, all conditions precedent to its execution having been complied with by both parties. The portion of the road to be rebuilt was "what was known as a very bad turn on Lebanon Hill" and was "one of the worst pieces of road in Southbridge." All "the work was necessary for the safety and security of the public." The plaintiff began work on the road in June, 1940, and at that time the town had not expended any of the appropriation. "As the work progressed, the plaintiff submitted bills which were approved by the engineer and the board of selectmen and for which the plaintiff received payment." These payments amounted to $3,871.88. When the plaintiff submitted bills in excess of the appropriation they were approved by the engineer, but the board of selectmen of the town did not approve them, "being in doubt as a matter of law, whether the plaintiff could recover more than $5,000." All of the work was performed under the direction of the engineer who at all times here material was an agent of the town. "It is agreed that the total bills submitted by the plaintiff were as follows: $6,758.89 for unit price items and $3,921.74 [*sic*] for extras, making a total of $9,680.83 [*sic*] of which the plaintiff has received $3,871.88." It is also agreed that the charges were

proper and that "unless the plaintiff is precluded from recovering more than $5,000 as a matter of law, [he] is entitled to recover the whole amount set forth in his declaration," namely, $5,808.84 together with interest in the amount of $1,394.12 or a total of $7,202.96. The judge found for the plaintiff for the total amount of his claim.

General Laws (Ter. Ed.) c. 44 (the municipal finance act), § 31, provides that "No department of any city or town, except Boston, shall incur liability in excess of the appropriation made for the use of such department, except in cases of extreme emergency involving the health or safety of persons or property, and then only by a vote in a city of two thirds of the members of the city council, and in a town by a vote of two thirds of the selectmen." "One purpose of this statute was to set rigid barriers against expenditures in excess of appropriations." *McCarthy* v. *Malden*, 303 Mass. 563, 565. As we said recently in construing a similar provision in the city charter of Boston, "Persons dealing with a municipality must take notice of limitations of this kind upon the contracting power of the municipality and are bound by them and cannot recover upon contracts attempted to be made in violation of them." *Adalian Brothers, Inc.* v. *Boston*, 323 Mass. 629, at page 631. To the same effect are *Dyer* v. *Boston*, 272 Mass. 265, 273–274, *McHenry* v. *Lawrence*, 295 Mass. 119, 122, and *Continental Construction Co.* v. *Lawrence*, 297 Mass. 513. In the case at bar the sum appropriated was $5,000. This set the outside limit of the town's liability to the plaintiff, and the judge erred in ordering judgment for an amount which exceeded that sum. There is nothing in the case of *G. M. Bryne Co.* v. *Barnstable*, 286 Mass. 544, cited by the plaintiff, which is at variance with the conclusion here reached. That case differs in many respects, but one difference which clearly distinguishes it from the present case is that G. L. (Ter. Ed.) c. 44, § 31, was not applicable, the statute having been passed after the contract with the town had been made. There was no extreme emergency here, and the plaintiff is not aided by the exception in § 31 which

permits a municipality to incur liability in excess of the appropriation "in cases of extreme emergency involving the health or safety of persons or property." See *Safford* v. *Lowell*, 255 Mass. 220, 225; *Continental Construction Co.* v. *Lawrence*, 297 Mass. 513, 514–515. But even if there were, the plaintiff's claim would still not come within that exception because it does not appear that the liability in excess of the appropriation was incurred by "a vote of two thirds of the selectmen" as required by § 31.

Certain evidence was submitted in the "statement of agreed facts" subject, however, to objections and exceptions by either the plaintiff or the defendant as to its admissibility. We have no way of knowing what rulings were made by the judge with respect to this evidence, or to what extent, if at all, he considered it in making his decision. But even if this evidence was considered it would not affect the result. The fact that funds were received in 1940 and 1941 by the town from the Commonwealth for highway purposes under the statutes set forth in the footnote cannot aid the plaintiff.[1] The requirements of G. L. (Ter. Ed.) c. 44, § 31, still applied and the town could not incur liability in excess of the amount appropriated.

Evidence submitted by the plaintiff of the amount of cash which the town had on hand as of the close of the years 1940 and 1941 and of the amount of its surplus revenue during these years was of no materiality. The provisions of § 31 could not be circumvented by proof that the town had resources with which to pay the amount of the plaintiff's claim.

It is to be noted that the plaintiff has been paid only

---

[1] It was agreed, if admissible, that in the year 1940 the sum of $22,373.62 was received by the town from the Commonwealth and was "credited that year in accordance with provisions of cc. 232, 469 and 504 of the Acts of 1939," and that this was "received by the town to be expended only for local highway purposes, including construction, reconstruction, maintenance and repair of local roads, streets and highways other than State highways." It was also agreed that this sum was available for town highway purposes in 1940 and "had not been expended at the beginning of 1941" at which time the plaintiff's charges of $9,680.63 "had not all been paid, although presented to the board and paid in part, by the town." It was agreed "that there was received for highway aid from State and county highway gas distribution, c. 420, Acts of 1941, $26,103.97."

$3,871.88 whereas the amount of the appropriation was $5,000. On a retrial of the case the plaintiff would be entitled to recover the difference between these amounts less such sums as have been validly paid or incurred to persons having rights in the appropriation prior to those of the plaintiff. Consequently the evidence offered by the town showing what was paid or incurred to others would be admissible.[1] But in determining the unexpended balance of the appropriation available to satisfy the town's liability to the plaintiff, the plaintiff is entitled to show the true state of the account and to have deducted only such sums as were paid or incurred in accordance with law. *Anchor Steel Co.* v. *Granville,* 318 Mass. 688, 691. Thus it would be open to the plaintiff to show that the payment of $560.72 to G. C. Winter Company for soil pipe used on the job was made under a contract which was entered into in violation of article VII of the town by-laws. Article VII provides that "No town board, officer or agent shall make any contract for or on behalf of the town involving the expenditures of $500 or more, except in open competition wherein written bids are called for." It was agreed, although the defendant objected to its competency, that "prior to making the purchase from said Winter Company several other reputable dealers who had this commodity for sale, were contacted and a price for the amount of soil pipe needed, was solicited orally," and that the Winter Company "quoted the lowest price and the purchase was made from it although the price was not submitted in writing." "It is agreed that this is the common and usual practice when the purchase slightly exceeds the sum of $500 although this procedure is not in strict conformity with article VII." It is plain that the contract with the Winter Company was made in violation of the town by-law and was invalid. *Burt* v. *Municipal Council of Taunton,* 272 Mass. 130, 133–134. The payments made under it by the town, therefore, ought not to be in-

---

[1] Most of these payments were to persons hired by the engineering department who, it seems, were employed in connection with the construction of the road in question.

cluded in the amounts chargeable against the appropriation. *Anchor Steel Co.* v. *Granville*, 318 Mass. 688, 691–692.

The case is remanded for further proceedings in conformity with this opinion.

*Order denying motion to dismiss appeal affirmed.*
*Order for judgment reversed.*