REGIONAL DISTRICT SCHOOL COMMITTEE OF THE
BRIDGEWATER-RAYNHAM REGIONAL SCHOOL DISTRICT
*vs.* TOWN OF BRIDGEWATER & others.

Plymouth. February 3, 1964. — April 9, 1964.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Regional School District. Equity Jurisdiction,* Support of public schools. *Equity Pleading and Practice,* Parties, Proceeding respecting support of public schools.

Under G. L. c. 71, §§ 34, 16B, read together, the district school committee of a regional school district was a proper party to seek relief in equity under § 34 against a member town of the district upon failure of that town to comply with the requirements of § 16B. [292–293]

Where a member town of a regional school district failed in a certain year to appropriate all of the amount apportioned to it for the expenses of the district in that year under G. L. c. 71, § 16B, and failed to pay to the district on time the first instalment of the apportioned amount required by the district agreement, the district school committee was entitled to obtain relief in equity against that town under § 34 by an order

to provide the district the amount of the appropriation deficiency together with the additional twenty-five percent thereof, although when the committee's proceeding under § 34 was commenced the town had paid the first instalment to the district and was no longer in arrears. [292, 293]

A regional school district may maintain a reasonable surplus; and the district school committee is not required to take such a surplus into account in an annual determination of the amount of expense of the district to be apportioned among the member towns, nor is the district precluded from retaining as surplus the additional twenty-five percent of an appropriation deficiency obtained from a member town in a proceeding against it by the district school committee under G. L. c. 71, § 34. [293-294]

PETITION filed in the Superior Court on April 15, 1963.

The suit was heard by *Dewing, J.*

*Allan M. Hale* for the petitioner.

*George L. Wainwright* (*Richard L. Wainwright & Edmund W. Nutter* with him) for the respondents.

SPIEGEL, J.  This is a petition brought under G. L. c. 71, § 34,[1] to determine the deficiency in the amount appropriated by the respondent town of Bridgewater (town) to operate the high school in the school district of which the town is a member and to order the town and certain of its officials

---

[1] "Every city and town shall annually provide an amount of money sufficient for the support of the public schools as required by this chapter. Upon petition to the superior court, sitting in equity, against a city or town, brought by ten or more taxable inhabitants thereof, or by the mayor of a city, or by the attorney general, alleging that the amount necessary in such city or town for the support of public schools as aforesaid has not been included in the annual budget appropriations for said year, said court may determine the amount of the deficiency, if any, and may order such city and all its officers whose action is necessary to carry out such order, or such town and its treasurer, selectmen and assessors, to provide a sum of money equal to such deficiency, together with a sum equal to twenty-five per cent thereof.  When such an order is made prior to the fixing of the annual tax rate the foregoing sums shall be required by such order to be provided by taxation in the manner set forth in section twenty-three of chapter fifty-nine; and when such an order is made after the annual tax rate has been fixed according to law such sums shall be required by such order to be provided by borrowing in the same manner and for the same period of time as is provided under clause (11) of section seven of chapter forty-four in the case of final judgments, subject to all other applicable provisions of chapter forty-four, except that, in the case of a town, such borrowing shall be made by the town treasurer, with the approval of a majority of the selectmen, and no vote of the town shall be required therefor.  Said court may order that the sum equal to the deficiency be appropriated and added to the amounts previously appropriated for the school purposes of such city or town in the year in which such deficiency occurs and may order that the amount in excess of the deficiency be held by such city or town as a separate account, to be applied to meet the appropriation for school purposes in the following year."

to provide to the district "a sum of money equal to such deficiency, together with a sum equal to twenty-five percent thereof." The respondents filed a demurrer. A judge of the Superior Court overruled the demurrer and reserved and reported the case "on the petition, the answer, the demurrer . . . the testimony . . . the exhibits and the findings of all material facts."

We herewith summarize the judge's findings. The petitioner is the district school committee of a regional school district duly organized under the provisions of G. L. c. 71. The district operates a regional high school for its member towns of Bridgewater and Raynham pursuant to an agreement between those towns made in 1959. The respondents are the town, its treasurer, assessors, and selectmen. "On November 15, 1960, the . . . [petitioner] received from the Commonwealth of Massachusetts, the sum of $102,093.26, as reimbursement for planning costs. This sum was originally appropriated by the member towns and paid to the . . . [petitioner] in anticipation of reimbursement from the Commonwealth. The . . . [petitioner] put these reimbursement funds in its balance sheet under the title 'Surplus Revenue.' " The petitioner's balance sheet for the year ending December 31, 1962, showed "surplus revenue" in the amount of $102,725.03. "The said surplus revenue is used by the Regional School District for operating capital from January first until it receives its first remittance from the member towns on April first. It is also used for capital and non-capital expenditures. As of the close of business on March 31, 1963, the amount of cash in the bank was $28,880.59."

Prior to December 31, 1962, the petitioner, pursuant to G. L. c. 71, § 16B, determined the amount necessary to operate the district high school for the year 1963. This amount was $574,353, of which 69.08 per cent, or $396,763.05, was apportioned to Bridgewater; the amount so apportioned was certified by the district's treasurer to the respondent treasurer before December 31, 1962. "The Town of Bridgewater at its annual town meeting for 1963 appropriated no

part of its said apportionment. A special town meeting of the Town of Bridgewater was held on April 1, 1963 and at this meeting the sum of $325,800.60 was appropriated to be paid as the 1963 assessment to the Bridgewater-Raynham Regional School District." Pursuant to a vote at the special town meeting, "[t]he treasurer of the Town of Bridgewater, on the third day of April, mailed a check in the amount of $108,600.20 to the Regional School District where it was received on April 4th." Under the agreement, twenty-five per cent of the town's total apportionment, or $99,190.76, was to be paid no later than April 1, 1963. "The petitioner's bill of complaint was filed April 15, 1963. At that time, the Town . . . was not in arrears in its payments . . . for the operation of the regional school."

The respondents contend that the demurrer should be sustained because the petitioner "is not a proper party plaintiff" under G. L. c. 71, § 34. It is true that where a city or town fails to appropriate the amount necessary for the support of its public schools under § 34, a petition to order provision of the amount of the deficiency may be brought by ten or more taxable inhabitants, by the mayor (in the case of a city), or by the Attorney General. However, under G. L. c. 71, § 16B,[2] when any member town of a

---

[2] "The regional district school committee shall annually determine the amounts necessary to be raised to maintain and operate the district school or schools during the ensuing calendar year, and the amounts required for payment of debt and interest incurred by the district which will be due in the said year, and shall apportion the amount so determined among the several towns in accordance with the terms of the agreement. The amounts so apportioned for each town shall, prior to December thirty-first in each year, be certified by the regional district treasurer to the treasurers of the several towns. Each town shall, at the next annual town meeting, appropriate the amounts so certified; and in case any such town fails to pay over to the treasurer of said district the amount of its apportionment within the time specified in said agreement for such payment, the district school committee shall invoke the provisions of section thirty-four. The town treasurer shall pay the amount so appropriated or any amount ordered to be raised by court decree to said district at the time or times specified in the agreement. The treasurer of any member town of a regional school district with the approval of the board of selectmen may, during the interval between January first and the date when such town makes the annual appropriation of the amount apportioned to it . . . make payments to the regional school district from the treasury of such town from any funds available therein. Such payments shall not exceed in the aggregate one third of the amount so apportioned and shall be charged against such appropriation."

regional school district "fails to pay over to the treasurer of said district the amount of its apportionment within the time specified," "the district school committee shall invoke the provisions of section thirty-four." We are of opinion that the foregoing language confers upon the petitioner standing to bring a petition under G. L. c. 71, § 34. Inasmuch as the town's first instalment on its apportionment was due to be paid by April 1, 1963, and was not paid until April 3, 1963, the petitioner had standing to seek remedies under § 16B and § 34. Under § 34 the court may order the town to provide the amount of the deficiency in the original appropriation and in its discretion may order it to provide an additional amount equal to twenty-five per cent of the deficiency. Under § 16B the town treasurer is required to pay to the district the "amount so appropriated or any amount ordered to be raised by court decree . . . at the time or times specified in the agreement." When the sections of the statute are read in conjunction with each other, it is clear that the court is empowered to give the petitioner the relief which it seeks.

The respondents contend: "Since neither the statute [G. L. c. 71] nor the Agreement has given a School District the power to create or have a surplus, the Bridgewater-Raynham School District has no right to have one. And, having no power to have a surplus, it was the duty of the Bridgewater-Raynham School District to take the surplus into account when determining the amount necessary to operate and maintain the Regional School for the ensuing calendar year." Neither the petitioner nor the respondents direct our attention to any Massachusetts cases on the right of a regional school committee to maintain a surplus. We are of opinion that in the exercise of sound fiscal management, the petitioner is entitled to use its "surplus" to pay school expenses each year from the first of January to the first of April, even though under G. L. c. 71, § 16, it is empowered (but not required) to borrow for this purpose. Our conclusion is reënforced by the fact that the petitioner expends part of this surplus for school purposes for which

the member towns would otherwise be required to appropriate funds.

Admittedly the Legislature has not specifically authorized a regional school district to create or retain surpluses. However, under G. L. c. 71, §§ 34, 16B, when a deficiency is determined, the court may order the town to provide such district "a sum of money equal to such deficiency, together with a sum equal to twenty-five per cent thereof." The respondents contend that the additional twenty-five per cent is in the nature of a penalty, and we agree with this contention. If the Legislature had intended that a penalty so paid could not be retained by the committee as a surplus, if its purpose had been to require the committee to expend the amount of this penalty during the fiscal year of its receipt or "return" it, even in part, to the member towns in the form of a lower budget for the ensuing year, the penalty would be nugatory and the policy of the statute would be frustrated.

Under G. L. c. 71, § 16, a regional school district is "a body politic and corporate." Although the authorities are scarce, the power of bodies politic to maintain surpluses, subject to appropriate statutory and constitutional safeguards, is accepted. See *Cox* v. *Bates,* 237 S. C. 198, 209–211; *Fiore* v. *Madison,* 264 Wis. 482, 486.

The case is remanded to the Superior Court to grant the petitioner relief in accordance with this opinion.

                                                                    *So ordered.*