NORTHEAST METROPOLITAN REGIONAL VOCATIONAL SCHOOL
DISTRICT *vs.* CITY OF MELROSE.

Middlesex.     January 9, 1974.—February 12, 1974.

Present:   TAURO, C. J., REARDON, BRAUCHER, HENNESSEY,
& KAPLAN, JJ.

*Regional School District. Contract,* Regional school district. *Interest.*
*Equity Pleading and Practice,* Proceedings respecting support of public
schools.

In a suit in equity by the Northeast Metropolitan Regional Vocational
School District under St. 1962, c. 703, § 8; G. L. c. 71, § 34, seeking pay-
ment from a member city of an amount which the city claimed was in
excess of the correct amount of school costs apportionable to the city, it
was proper for the court to order the city to pay the disputed amount
promptly notwithstanding any appeal. [590-593]
In a suit in equity under G. L. c. 71, § 34, the statute does not authorize an
award of interest on the amount of the deficiency determined. [593]

BILL IN EQUITY filed in the Superior Court on May 15,
1972.

The suit was heard on demurrers and on the merits by
*Tomasello,* J.

*Kevin D. Murphy,* Assistant City Solicitor, for the city of
Melrose.

*Geoffrey D. Wyler* for the plaintiff.

BRAUCHER, J. The plaintiff (the regional school) adopted a
budget for the calendar year 1971, and apportioned the costs
among twelve member communities, including the defendant
city of Melrose (the city). The apportionment was incorrect,
and we affirmed a decree directing reapportionment.
*Wakefield* v. *Northeast Metropolitan Regional Vocational*
*Sch.* 363 Mass. 58 (1973). We now hold that pending the
determination of the dispute it was the duty of the city to pay
the disputed amount, but that no interest was payable on
funds withheld.

The amount apportioned to the city was more than

$64,000 in excess of the correct amount, and the city refused to pay the excess. The final decree of the Superior Court in the *Wakefield* case, directing reapportionment, was entered in October, 1971. While an appeal to this court from that decree was pending, the regional school filed its bill for declaratory and other relief in May, 1972, seeking payment of the deficiency plus twenty-five per cent thereof pursuant to G. L. c. 71, § 34. The defendant's demurrer and plea in abatement were overruled in June and no appeal or exception was taken. The defendant filed an answer, and in September, 1972, the judge allowed the plaintiff's motion for judgment under G. L. c. 231, § 59, filed findings, rulings and an order for decree, and entered a final decree ordering payment of the deficiency plus more than $4,000 interest within sixty days, notwithstanding the pendency of any appeals or bills of exceptions. The decree did not include the additional twenty-five per cent prayed for. The city appealed.

We were informed in argument that the city paid the sum ordered, that after our decision in the *Wakefield* case on February 8, 1973, a final decree was entered requiring repayment of the principal sum without interest, and that the principal sum has been repaid to the city. Thus what remains is the question of interest paid by the city, together with the question, likely to recur, of the rights and duties of the parties in a case of disputed apportionment.

1. In his order for a final decree, the judge ruled that the city's entire position was argued before its plea in abatement was overruled, that no exception was taken, and that the ruling on the plea became the law of the case. We agree that the judge was not required to reconsider his interlocutory ruling unless some new consideration was presented. Cf. *Boston* v. *Santosuosso,* 307 Mass. 302, 315-316 (1940); *Gleason* v. *Hardware Mut. Cas. Co.* 331 Mass. 703, 710 (1954). Thus there was no error in the final decree with respect to the principal sum. We think, however, that the question of interest is open on this appeal, and that it is desirable that the rights of the parties be declared. Cf. *Karchmar* v. *Worcester, ante,* 124, 136.

2. The agreement among the member communities of the regional school district provided for the apportionment of costs among them, for the certification by the district treasurer to the treasurer of each member of the amounts so apportioned, and for the payment of the certified amounts so that at least twenty-five per cent of the annual share would be paid by April 1, fifty per cent by June 1, seventy-five per cent by September 1, and one hundred per cent by December 1. The agreement does not explicitly provide for the situation of a disputed apportionment, but the regional school argues with force that the operation of the school would be enormously hampered if funds were withheld pending resolution of such disputes. Compare G. L. c. 59, §§ 64, 65, requiring payment of taxes as a condition precedent to appeal. See *Assessors of New Braintree* v. *Pioneer Valley Academy, Inc.* 355 Mass. 610, 616-617 (1969). The other communities involved in the same dispute, it asserts, followed the proper course by paying the amounts apportioned to them and litigating their propriety.

We think the governing rule is provided by the statute authorizing creation of the regional school. St. 1962, c. 703, as amended by St. 1963, c. 682, and St. 1964, c. 605. Section 8 of that statute provides that each municipality shall appropriate the certified amounts, and that in the event of failure to pay within the time specified in the agreement "the district school committee shall invoke the provisions" of G. L. c. 71, § 34. This confers upon the regional school standing to bring a bill under G. L. c. 71, § 34, and under § 34 the court may order the city to provide the amount of any deficiency "and in its discretion may order it to provide an additional amount equal to twenty-five per cent of the deficiency." *Regional Dist. Sch. Comm. of the Bridgewater-Raynham Regional Sch. Dist.* v. *Bridgewater* 347 Mass. 289, 293 (1964). Under § 8 the city treasurer "shall pay" the amount appropriated or ordered to be raised by court decree "at the time or times specified in the agreement." We think prompt payment was properly ordered despite the pendency of any appeal. G. L. c. 214, §§ 21, 22. In no other way could

the statutory objective of accomplishing the school's budgeted program be carried out. See *Bell* v. *North Reading,* 363 Mass. 505, 512-513 (1973).

3. In general, governmental bodies must pay interest on contractual obligations where interest would be charged against a private person, but we have not awarded interest on statutory obligations owed by one governmental body to another. Compare *Kerrigan* v. *Boston,* 361 Mass. 24, 34 (1972), with *School Comm. of Boston* v. *Board of Educ.* 363 Mass. 20, 31-32 (1973). In the present case there is an obligation which is both contractual and statutory, but the remedy for deficiency in payment is statutory and exclusive. See *Bell* v. *North Reading, supra,* at 509. We have not discovered any case under G. L. c. 71, § 34, in which interest was awarded, and such an award seems superfluous in view of the provision for a twenty-five per cent penalty. The judge in the present case did not award the penalty, and we think the statute did not authorize the award of interest.

4. The final decree is to be modified to add a declaration that it was the duty of the city to pay the amount apportioned to it at the times specified in the agreement, to strike out the award of interest, and to direct the repayment to the city of interest paid by it. As so modified the final decree is affirmed.

*So ordered.*