CITY OF MARLBOROUGH *vs.* CYBULSKI, OHNEMUS
& ASSOCIATES, INC.
(and a companion case[1]).

Middlesex.   March 4, 1976. — April 21, 1976.

Present: HENNESSEY, C.J., REARDON, QUIRICO, BRAUCHER,
& WILKINS, JJ.

*Municipal Corporations,* Contracts, Municipal finance. *Contract,* Validity, With municipality, With architect. *Arbitration.*

G. L. c. 44, § 31, barred payment by a city of an award by arbitrators to an architect for services under a contract in excess of the amount appropriated by the city for payment of its obligations thereunder; provisions of the contract that an award "shall be final, and judgment may be entered upon it," and purporting to subject the city to liability in excess of the appropriation, were ineffective. [159-161]

TWO CIVIL ACTIONS commenced in the Superior Court on September 30, 1974, and October 24, 1974, respectively.

The cases were heard by *Lappin, J.*

*Robert B. Stimpson* for Cybulski, Ohnemus & Associates, Inc.

*David P. Gadbois,* City Solicitor (*Allan Robinson* with him) for the city of Marlborough.

---

[1] Cybulski, Ohnemus & Associates, Inc. *vs.* City of Marlborough.

QUIRICO, J.   These are two cases brought in the Superior Court under G. L. c. 251 (Uniform Arbitration Act for Commercial Disputes), one an application by Cybulski, Ohnemus & Associates, Inc., an architectural firm (architect), to confirm the award of an arbitrator, and the other an application by the city of Marlborough (city) to vacate the award. The architect's application to confirm was denied, and the city's application to vacate was allowed. The architect has appealed in both cases. We affirm.

We summarize the relevant facts. On January 25, 1971, the city of Marlborough appropriated $5,000 for the hiring of an architect "to provide estimates and plans to renovate the Old Post Office into a Central Kitchen and Bakery." It is alleged by the city in its application to vacate and in an affidavit which is made a part thereof that "since January 25, 1971 and to the present there has been no further appropriation relative to ... [this project]." This allegation was not denied by the architect in a responsive pleading or otherwise. Mass. R. Civ. P. 8 (b), 12, 365 Mass. 749, 754 (1974). On February 11, 1971, the mayor of the city entered into a contract with the architect by which the architect agreed to perform the services described above. The contract provided for an initial payment of $4,000 by the city to the architect and payment thereafter for specified additional services at the rate of $25 an hour. The contract contained an arbitration clause which provided in part that "[a]ll claims, disputes and other matters in question arising out of, or relating to, this Agreement or the breach thereof shall be decided by arbitration ... [and that t]he award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof."[2]

---

[2] The full text of Article 11 of the contract, the so called arbitration clause, was as follows:

"ARBITRATION   11.1 All claims, disputes and other matters in question arising out of, or relating to, this Agreement or the breach thereof shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration As-

Subsequent to entering into the contract, the architect commenced the performance of its obligations thereunder, in the course of which it submitted bills in an amount which equalled and then exceeded the sum of $5,000, which had been appropriated by the city for the project in question. The architect has conceded that it received payment in the amount of $5,000 under the contract. It is apparently undisputed, however, that the architect received no payment for its bills in so far as they exceeded this amount. Despite the nonpayment by the city of the excess amount, the architect continued for some time to render performance under the contract. Thereafter, a dispute arose out of the refusal of the city to make further payments, and the matter was submitted to arbitration pursuant to the provisions of the arbitration clause in the contract. Hearings were conducted, and the arbitrators made an award of $17,800 to be paid by the city to the architect, with the fees and expenses of arbitration to be borne equally by the parties.

The issue thus presented is whether in the circumstances of these cases the city may be held liable on its contract with the architect for an arbitration award which is in excess of the amount appropriated by the city for payment of the obligations incurred under such contract. We hold that it may not.

General Laws c. 44, § 31, as amended through St. 1969,, c. 505, § 7, provides in pertinent part that "[n]o depart-

sociation then obtaining unless the parties mutually agree otherwise. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law.

"11.2 Notice of the demand for arbitration shall be filed in writing with the other party to this Agreement and with the American Arbitration Association. The demand shall be made within a reasonable time after the claim, dispute or other matter in question has arisen. In no event shall the demand for arbitration be made after the date when institution of legal or equitable proceedings based on such claim, dispute or other matter in question would be barred by the applicable statute of limitations.

"11.3 The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof."

ment financed by municipal revenue, or in whole or in part by taxation, of any city or town, except Boston, shall incur a liability in excess of the appropriation made for the use of such department ... [with an exception for certain emergency situations which is not material to the present cases]." It is well settled that "[p]ersons dealing with a municipality must take notice of limitations of this kind upon the contracting power of the municipality and are bound by them and cannot recover upon contracts attempted to be made in violation of them." *Duff* v. *Southbridge*, 325 Mass. 224, 228 (1950), quoting from *Adalian Bros.* v. *Boston*, 323 Mass. 629, 631 (1949), and cases cited. *Arthur R. Murphy, AIA, & Associates, Inc.* v. *Brockton*, 364 Mass. 377, 380-381 (1973). *McHenry* v. *Lawrence*, 295 Mass. 119, 122 (1936). *Dyer* v. *Boston*, 272 Mass. 265, 273-274 (1930). Moreover, we have noted that the purpose and policy of G. L. c. 44, § 31, is "to set rigid barriers against expenditures in excess of appropriations." *McCarthy* v. *Malden*, 303 Mass. 563, 565 (1939). *Arthur R. Murphy, AIA, & Associates, Inc.* v. *Brockton*, 364 Mass. at 380.

The architect acknowledges the limitation imposed on municipal expenditures by G. L. c. 44, § 31, and states that "[i]t may (or may not) have provided the City with a defense if ... [the architect] had brought suit in the courts of the Commonwealth." The architect contends, however, that since the dispute was submitted to arbitration, the award made by the arbitrators, "whether or not based upon an error of law, is [under the provisions of the arbitration clause of the contract] 'final, and judgment may be entered upon it ... in any court having jurisdiction thereof.'" This contention is without merit. Article 11 of the contract involved herein, the arbitration clause, is but one article contained in a comprehensive agreement between the city and the architect. The enforceability of the agreement in its entirety is subject to all the limitations imposed by law on the power of the city to make contracts, one such limitation being that imposed by G. L. c. 44, § 31. The mere fact that the dispute between the city and the

architect was submitted to arbitration does not permit us to ignore that statute's prohibition against municipal expenditures in excess of appropriations or to hold it inapplicable to the present cases. We hold that to the extent the contract between the city and the architect purports to subject the city to liability in excess of the amount appropriated for its payment the contract is in violation of G. L. c. 44, § 31, and therefore not binding on the city. *McHenry* v. *Lawrence*, 295 Mass. 119, 122 (1936). To hold otherwise would substantially restrict, and would invite circumvention of, a statute which we heretofore have applied with utmost rigidity and few exceptions. As we recently said in *Arthur R. Murphy, AIA, & Associates, Inc.* v. *Brockton*, 364 Mass. 377, 380 (1973) "Section 31 [of G. L. c. 44] is designed to have the salutary effect of preventing the unlawful expenditure of public funds for public contracts and we would be loath to expand any exception to its operation." The limitations of the statute apply to this case and neither the agreement to arbitrate nor the award of the arbitrators can produce a different result.

The judgments entered in the Superior Court are affirmed.

*So ordered.*