## OLD COLONY REGIONAL VOCATIONAL TECHNICAL HIGH SCHOOL DISTRICT, Plaintiff,

v.

## NEW ENGLAND CONSTRUCTORS, INC., Defendant.

### Civ. A. No. 77–1497–S.

United States District Court,
D. Massachusetts.

Jan. 19, 1978.

Donald J. Fleming, Mattapoisett, Mass., for plaintiff.

Robert J. Sherer, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

SKINNER, District Judge.

The plaintiff, Old Colony Regional High School District ("Old Colony"), is seeking in this action to modify, correct or vacate an arbitration award entered in favor of the defendant, New England Constructors, Inc. ("N.E.C."). N.E.C. seeks to confirm the award.

N.E.C. was the general contractor for the construction of a school building for Old Colony. On April 28, 1977, an arbitration panel awarded $320,011 to N.E.C. on the basic contract, with interest at the rate of 8½% from March 10, 1977 until payment was made, and $133,208.09 to N.E.C. for extras and change orders, with interest at 6% from 30 days after the award until final payment.

Old Colony had received "direct payment" demands pursuant to M.G.L.A. c. 30, § 39F from various subcontractors. The demands totaled $306,242.88. On May 12, Old Colony deposited sums totaling that amount in individual interest-bearing accounts under the name of its attorney and soon thereafter paid the remainder of the award to N.E.C. or directly to subcontractors. Old Colony argues that such deposits satisfied its obligation to pay interest under the award. Further, Old Colony

seeks judgment in the amount of $3,672.32, which it has already paid to N.E.C., representing 8½% interest on the basic award from March 10 until the deposits were made.

The total arbitration award of $453,219.09 exceeded the remaining balance of the amount originally appropriated for construction of the school building by $112,235.59. The school district argues that the excess award violates G.L. c. 44, §§ 31 and 31C. Old Colony has already paid the excess and seeks judgment in the amount of $112,235.59, plus interest.

*Interest on Disputed Direct Payment Claims*

■ Old Colony argues that no deposit was required by G.L. c. 30, § 39F until the date of the arbitral award since no money was due N.E.C. until the award was made. On this basis, Old Colony seeks judgment for the $3,672.32 in interest until its deposits were made in May. Old Colony seeks further to avoid payment of any interest after the deposits were made.

The school district's construction of the statutory procedure is incorrect. The statute does not require that amounts subject to direct payment claims by subcontractors be in some sense actually due the general contractor before the district must deposit those amounts. A subcontractor on a public construction contract who has not been paid by the general contractor may demand direct payment from the awarding authority. G.L. c. 30, § 39F(1)(d). The awarding authority may deduct from the subcontractor's claim any amounts disputed in a sworn reply by the general contractor. § 39F(1)(e)(iii). The statute requires that the awarding authority "shall forthwith deposit" the disputed amounts in interest-bearing joint accounts in the names of the general contractor and respective subcontractors. § 39F(1)(f). Deposits by Old Colony in accounts in its attorney's name do not constitute substantial compliance with the prescribed procedure.

Old Colony, therefore, is not entitled to judgment for the $3,672.32 in interest already paid. Furthermore, Old Colony is not entitled to relief from interest on amounts put into accounts in its attorney's name. Old Colony is, however, entitled to relief from any interest on amounts after they were actually paid or after proper joint accounts were opened, notwithstanding the "forthwith" provision of G.L. c. 30, § 39F. As of October 12, 1977, the amounts of the two remaining direct payment claims were deposited by Old Colony in joint accounts in the names of N.E.C. and the respective subcontractors. In so doing, Old Colony has complied with the award to the extent that the statutory scheme outlined in § 39F permits.

*Award in Excess of Appropriation*

The arbitral award exceeds Old Colony's remaining school construction appropriation by $112,235.59. An arbitral award exceeding an appropriation by certain governmental bodies may be vacated pursuant to G.L. c. 44, § 31. *Marlborough v. Cybulski Ohnemus & Associates, Inc.*, Mass., Mass.Adv.Sh. (1976) 1038, 346 N.E.2d 716. § 31 provides, in part, "No department financed by municipal revenue, or in whole or in part by taxation, of any city or town, except Boston, shall incur a liability in excess of the appropriation made for the use of such department . . . ."

N.E.C. argues, however, that a regional school district is not included within those governmental bodies prohibited by § 31 from incurring liabilities in excess of appropriations. Although the prohibition in § 31 was specifically made applicable to "districts" by St.1969, c. 505, § 7, a regional school district is not within the definition of "district" in G.L. c. 44, § 1. While the municipal finance provisions in G.L. c. 44, §§ 16 to 28 have been made specifically applicable to regional school districts by G.L. c. 44, § 28A, the limitations in §§ 31 and 31C have not.

■ Furthermore, a regional school district is not a department of a town or city. It is "a body corporate and politic." G.L. c. 71, § 16. *See Regional District School Com-*

*mittee v. Town of Bridgewater*, 347 Mass. 289, 294, 197 N.E.2d 688 (1964). It has a separate corporate identity and exercises independent powers, like those of the Turnpike Authority, the Port Authority, or housing authorities. *See Commonwealth v. Toomey*, 350 Mass. 345, 348 n. 3, 214 N.E.2d 727 (1966) *and* cases cited.

■ Yet while a regional school district is neither a district, a department of a city or town, nor itself a city or town, it cannot be sued for liability incurred in excess of appropriation. A regional school district may " . . . sue and be sued, but only to the same extent that a town may sue or be sued." G.L. c. 71, § 16(b). *See Desmarais v. Wachusett Regional School District*, 360 Mass. 591, 593–594, 276 N.E.2d 691 (1971), *cert. denied* 414 U.S. 859, 94 S.Ct. 72, 38 L.Ed.2d 110 (1973). Old Colony cannot here be liable for the excess caused by the arbitrators' award for extras and change orders where a city or a town would apparently not be liable. *Cf. Marlborough, supra* (city not liable for award in excess of appropriation); *Rich & Son Construction Co. v. Town of Saugus*, 355 Mass. 304, 244 N.E.2d 300 (1969) (town not liable for school construction where no appropriation made); *and Murphy v. City of Brockton*, 364 Mass. 377, 305 N.E.2d 103 (1973) (city not liable for amount in excess of appropriation for architect's study undertaken by school committee).

■ That part of the award which exceeds the remaining appropriation is hereby VACATED. The remainder of the award is hereby CONFIRMED. Old Colony voluntarily paid the amount by which the award exceeds the appropriation, with full knowledge of the facts, though not required to do so by law. It is not entitled to return of moneys so paid, even if paid under dispute. *Hinckley v. Town of Barnstable*, 311 Mass. 600, 604, 42 N.E.2d 581 (1942); *Carey v. Fitzpatrick*, 301 Mass. 525, 527, 17 N.E.2d 882 (1939). Old Colony is, however, entitled to set off the amount paid against the interest owed. As modified, therefore, the award has been satisfied and no money judgment shall be entered.