Charles A. **HEINTZ**
vs.
Angelo **MALVONE, d/b/a**
**CENTRAL MOTORS**

District Court Department
Appellate Division, Southern District
Trial Court of the
Commonwealth of Massachusetts

**September 26, 1980**

Jeffrey N. Noxon for the plaintiff.
Pinta & Murphy for the defendant.

Present: Lee, P.J., Rider, J. and Staff, J.

STAFF, J. The plaintiff in this civil action seeks to recover the purchase price of an automobile purchased from the defendant. The basis for the claim is rested on the provisions of Massachusetts General Laws, Chapter 90, sec. 7N[1] in that the vehicle failed to pass the inspection referred to in the statute and that consequently the plaintiff voided the contract of sale.

The defendant's answer admitted the sale but denied that the vehicle was purchased by the plaintiff for immediate personal use by his family; alleged that the defendant was without knowledge as to whether the vehicle failed to pass a sticker inspection test, denied that the plaintiff had voided the contract of sale, alleged that the plaintiff had failed to comply with conditions precedent to the bringing of the action and was estopped to assert that the defendant owed him anything.

The Court found for the plaintiff in the amount of Six Hundred Dollars ($600.00).

At the trial there was evidence tending to show the following:

Plaintiff bought a used car from defendant, a used car dealer, for the sum of $600.00. At the time he purchased the car, he knew that the car had broken lights and would not pass the inspection test unless repairs were made. The car was taken to a gasoline service station for repairs and to be inspected. The plaintiff obtained an estimate which indicated that the cost of repairs to be $84.00 to bring the vehicle up to the standard prescribed to pass the inspection test. The plaintiff brought the car back to the defendant and asked for a refund, which was refused. After leaving the car in an alley next to the defendant's place of business, the plaintiff sent the defendant a registered letter, which was not received by the defendant. There was no reported evidence as to the contents of the registered letter and, in fact, the plaintiff never did give the defendant an itemized list of repairs from an inspection station.

The following questions put to the plaintiff, in direct examination by the plaintiff were admitted against the objection of the defendant.

"QUESTION: What did the estimate of repairs that you obtained show was needed for repairs before the car could pass inspection?

ANSWER: It needed a muffler and tail pipe, backup lights and rear lights, the wiring was also defective. The defendant requested that said ruling be

---

[1] Notwithstanding any disclaimer of warranty, a motor vehicle contract of sale may be voided by the buyer if the motor vehicle fails to pass, within seven days from the date of such sale, the safety or combined safety and emissions, inspection at an inspection station licensed pursuant to section seven W; provided, that the defects which are the reasons for the failure to issue a certificate of inspection were not caused by the abuse or negligent operation of the motor vehicle or by damage resulting from an accident or collision occurring after the date of the sale; and provided, further, that the cost of repairs necessary to permit the issuance of a certificate of inspection exceeds ten percent of the purchase price of the motor vehicle.

In order to void a motor vehicle sale under this section the buyer shall, within ten days from the date of sale, notify the seller of his intention to do so, deliver the motor vehicle to the seller, provide the seller with a written statement signed by an authorized agent of such inspection station stating the reasons why the motor vehicled failed to pass safety or combined safety inspections and an estimate of the cost of necessary repairs. The buyer shall be entitled to a refund of his purchase price unless the buyer and seller agree in writing that the seller may make the necessary repairs at his own cost and expense within a reasonable period of time thereafter. This section shall apply only to motor vehicles purchased for the immediate personal or family use of the buyer.

reported.

QUESTION: What did the estimate of repairs that you obtained show the cost or repairs to the vehicle to be before it would pass inspection?

ANSWER: The estimated cost was $84.00.

The defendant requested that said ruling be reported."

At the close of the trial and before final arguments the defendant made the following requests for rulings and the Court took the following action thereon:

"1. In order to void a contract of sale of a motor vehicle under the provisions of G.L. c. 90, sec. 7N, the vehicle must have been purchased for the immediate personal or family use of the buyer. Ruling of the Court: Allowed.

2. A purchase of a motor vehicle is not for "immediate" use within the meaning of G.L. c. 90, sec. 7N when the buyer at the time of sale intends to make repairs to said vehicle. Ruling of the Court: Denied.

3. A purchase of a motor vehicle is not for immediate personal or family use of the buyer within the meaning of G.L. c. 90, sec. 7N, when the buyer purchases the vehicle knowing that repairs were required to be made before the vehicle could pass a safety inspection test. Ruling of the Court: Denied.

4. The evidence requires a finding that the plaintiff knew that repairs were required to be made to the vehicle before it could pass a safety inspection test. Ruling of the Court: Denied.

5. The evidence does not warrant a finding that the 1970 Ford Fairlane vehicle was purchased by the plaintiff from the defendant for the immediate personal or family use of the plaintiff. Ruling of the Court: Denied.

6. In order to void a contract of sale of a motor vehicle under the provisions of G.L. c. 90, sec. 7N, the buyer must within ten (10) days of the date of sale:

    a. Notify the seller of his intention to do so;

    b. Deliver the motor vehicle to the seller;

    c. Provide the seller with a written statement signed by an authorized agent of an inspection station stating the reasons why the vehicle failed to pass the inspection sticker test and an estimate of the cost of necessary repairs. Ruling of the Court: Allowed.

7. The requirements of G.L. c. 90, sec. 7N as set forth in a, b and c of defendant's requests NO. 5 are conjunctive, and the failure of the plaintiff to comply with any one of said requirements within ten (10) days of the date of sale precludes the plaintiff from voiding the sale. Ruling of the Court: Allowed.

8. The burden of proof is on the plaintiff to establish that he complied with all of the requirements of G.L. c. 90, sec. 7N as set forth in the defendant's request NO. 5. Ruling of the Court: Allowed.

9. The evidence does not warrant a finding that the plaintiff delivered the 1970 Ford Fairlane to the defendant within ten (10) days of the date of sale. Ruling of the Court: Denied.

10. The burden is on the plaintiff to prove that the written statement required by G.L. c. 90, sec. 7N, was signed by an authorized agent of an inspection station approved by the Registrar of Motor Vehicles pursuant to G.L. c. 90, sec. 7A. Ruling of the Court: Allowed.

11. The evidence does not warrant a finding that the plaintiff provided the defendant with a written statement signed by an authorized agent of an inspection station approved by the Registrar of Motor Vehicles pursuant to G.L. c. 90, sec. 7A. Ruling of the Court: Denied.

12. In order to void a contract of sale under G.L. c. 90, sec. 7N the burden of proof is on the plaintiff to establish that the cost of repairs necessary to permit the issuance of an inspection sticker exceeded ten (10%) percent of the purchase price of the motor vehicle. Ruling of the Court: Allowed.

13. The evidence does not warrant a finding that the cost of repairs necessary to permit the issuance of an inspection sticker exceeded ten (10%) percent of the purchase price of the plaintiff's vehicle. Ruling of the Court: Denied.

14. The evidence does not warrant a finding for the plaintiff. Ruling of the Court: Denied.

15. The evidence requires a finding for

the defendant. Ruling of the Court: Denied."

The Court found the following facts:

"In this case the plaintiff seeks to recover from the defendant, a used-car dealer, the sum of $600.00 for a motor vehicle purchased by the plaintiff from the defendant and according to the plaintiff's allegation was not fit for the purposes intended. In defense, the defendant admitted that the plaintiff purchased the motor vehicle but denied that the vehicle was purchased by the plaintiff for immediate use by his family.

The Court finds that on or about December 13, 1977, the plaintiff did purchase a 1970 Ford Fairlane automobile from the defendant for the sum of $600.00 for immediate use by his family; that within 2 days of purchasing that automobile, plaintiff had the automobile inspected pursuant to MGLA, c. 96 & 97 and the automobile failed the inspection sticker test. That the cost of repairs necessary for the vehicle to pass the inspection test exceeded 10% of the purchase price of the automobile, and that due to this fact, plaintiff voided the contract of sale, returned the car to the defendant and made a demand for a return of the purchase price."

The report states that it contains all the evidence material to the question reported.

The defendant claims to be aggrieved by the rulings admitting evidence over his objections and the denial for his requests for rulings Nos. 2, 3, 4, 5, 9, 11, 13, 14 and 15.

In order to be entitled to void the sale under G.L. c. 90, sec. 7N, the buyer must prove each of the elements mentioned in the statute, viz, he must show:

1. that within seven days of the sale, the vehicle failed to pass the safety and emissions inspection;

2. that the inspection station where the inspection was performed was licensed pursuant to sec. 7W of G.L. c. 90.

3. that the reason the vehicle failed to pass was not caused by abuse, neglect, accident or collision occurring after the sale;

4. that the cost of repairs exceeded ten percent of the purchase price of the vehicle;

5. that within ten days from the date of sale the buyer notified the seller of his intention to void the sale;

6. that within ten days from the date of sale the buyer delivered the vehicle to the seller;

7. that within ten days from the date of sale the buyer provided the seller with a written statement signed by an authorized agent of the inspection station stating the reasons why the vehicle failed to pass the prerequisite inspection;

8. that within ten days from the date of sale the buyer furnished the seller with an estimate of the cost of necessary repairs;

9. that the vehicle was purchased for the immediate personal or family use of the buyer.

The plaintiff is required to prove each of the essential elements of his prima facie case. A failure to prove an essential element is fatal to his case and as a matter of law the Court must rule that the action has not been maintained.

The report contains no reported evidence that the service station was an "inspection station licensed pursuant to G.L. c. 90 sec. 7W" nor does it contain any evidence that the buyer furnished the plaintiff "a written statement signed by an authorized agent of . . . [a licensed] inspection station stating why the motor vehicle failed to pass the . . . inspection and an estimate of the cost of necessary repairs."

The Court's findings of fact are not a part of the trial record and must be supported by reported evidence. **Pettinella v. Worcester,** 39 Mass. App. Dec. 7, 9 (1967).

Although findings of fact as such are not reviewable, we may review the question as to whether as a matter of law the ultimate finding is either warranted or required by those facts. **Soutier v. Kaplow,** 330 Mass. 448, 450 (1953).

In reviewing the question of law as to whether the subsidiary facts and the evidence reported warrant the conclusions contained in the judge's findings, we are bound by the contents of the report. **Keeney v. Ciborowski,** 304 Mass. 371, 374 (1939).

There being no reported evidence of the delivery by the plaintiff to the defendant of the written statement by an authorized agent of an approved sevice station, defendant's request for ruling number 11 was improperly denied.

We are satisfied that we have before us all the facts necessary for determining the issues in dispute. The evidence was insufficient to warrant the finding for the plaintiff. Since the allowance of defendant's request for ruling number 11 would have resulted in a finding for the defendant, we exercise our authority granted under G.L. c. 231, secs. 108 and 110 and vacate the finding for the plaintiff and order judgment for the defendant. Elliott v. Warwick Stores, Inc., 329 Mass. 406, 409 (1952).

Because of this result, we find it unnecessary to decide other issues raised by the defendant.

So ordered
Edward A. Lee
Daniel H. Rider, J.
Richard Staff, J.