# RESCRIPT OPINIONS.

PLYMOUTH-CARVER REGIONAL SCHOOL DISTRICT *vs.* DAVID M. CRAWLEY ASSOCIATES, INC.   October 27, 1983.  *Municipal Corporations,* Municipal finance.  *School and School Committee,* Surplus revenue.  *Arbitration,* Authority of arbitrator, Municipal finance.

The defendant architectural firm (architect) appeals from a judgment vacating an arbitration award in its favor for services rendered under a contract with the Plymouth-Carver Regional School District (district). The trial judge concluded that the award was in violation of the municipal finance laws and, hence, in excess of the authority of the arbitrators. *Marlborough* v. *Cybulski, Ohnemus & Assoc., Inc.,* 370 Mass. 157, 159-160 (1976).

In June, 1979, when the amount authorized in 1976 ($1,200,000) by the towns of Plymouth and Carver pursuant to G. L. c. 71, § 16(*d*), for the design, engineering and other costs of a new regional high school was exhausted, the architect indicated that it would not proceed without assurances that sufficient funds would be available to pay for its services. Two possible funding sources were discussed: a supplemental appropriation, and a "surplus revenue" account maintained by the district.  At special town meetings called for the purpose, the two towns voted to disapprove the supplemental appropriation.  The regional school committee then voted to use the "surplus revenue" account.  Payments were made to the architect from this fund until the regional school committee determined, based on bids, that the projected costs of the new high school were excessive and voted to abandon the project.  By this time, as indicated in the judge's findings, the architect had received over $989,000. The architect filed a demand for arbitration pursuant to the contract and a panel of arbitrators made an award of $58,637.

The architect claims that the "surplus revenue" account consisted of funds previously appropriated for educational purposes and, in view of the fiscal autonomy of regional school committees prior to Proposition 2½, St. 1980, c. 580, the district had authority to use this account as it saw fit. For this reason, it argues, the arbitrators' award was not in excess of their authority.  See G. L. c. 251, § 12(*a*)(3).

We agree with the district that this argument fails to recognize a distinction between the authority granted to regional school districts under G. L. c. 71, § 16B, as amended through St. 1979, c. 132, to deter-

mine the amounts necessary to "maintain and operate" the district schools, and their more limited authority to authorize expenditures for construction and other major capital expenses. The district, under § 16B had, prior to Proposition 2½, full authority to determine the amounts needed to maintain and operate the schools and to pay annual debt service and could, if necessary, invoke the provisions of G. L. c. 71, § 34, as amended through St. 1979, c. 194, to force the towns to provide the required funds. On the other hand, construction expenses and other major costs not normally funded in the annual budget are governed by G. L. c. 71, § 16(d), which permits the incurring of debt for such purposes. Under that section, debt for the construction of schools, including architect's fees, may not be incurred if the member towns vote to disapprove.

Until St. 1979, c. 738, § 1, added G. L. c. 71, § 16B½, not here applicable,[1] no specific legislation governed "surplus revenue" accounts of a regional school district. The creation of such accounts was judicially sanctioned in *Regional District Sch. Comm. of the Bridgewater-Raynham Regional Sch. Dist.* v. *Bridgewater*, 347 Mass. 289, 293 (1964), but the opinion did not discuss the limits, if any, imposed on a district's use of its "surplus revenue." We think, however, that guidance is to be found in the statutory policy expressed in G. L. c. 71, § 16, which specifically provides for a town veto of the incurring of debt, the normal source of funding for major capital outlays. Cf. *Duff* v. *Southbridge*, 325 Mass. 224, 229 (1950). While we do not suggest that "surplus revenue" may never be used for so called capital expenditures, see *Regional Dist. Sch. Comm. of the Bridgewater-Raynham Regional Sch. Dist.* v. *Bridgewater*, 347 Mass. at 291, we conclude that where, as here, the towns, pursuant to c. 71, § 16, had voted substantial sums for these expenses but had placed specific limits on the amounts authorized and had refused to vote supplemental appropriations, the district was not free to use "surplus revenue" for such purposes. To authorize such use would in these circumstances effectively circumvent the veto power provided in c. 71, § 16.

Because of this conclusion we need not determine whether the policy expressed in G. L. c. 44, § 31, has any application. See §§ 1 and 28A of c. 44, but see *Old Colony Regional Vocational Technical High Sch. Dist.* v. *New England Constructors, Inc.*, 443 F.Supp. 822, 825 (D. Mass.), aff'd, 588 F.2d 817 (1st Cir. 1978), where the First Circuit held that § 31 applies to such districts. Cf. *Amherst-Pelham Regional Sch. Comm.* v. *Department of Educ.*, 376 Mass. 480, 494-495 (1978).

*Judgment affirmed.*

*Robert C. Barber* for the defendant.
*John H. Wyman* for the plaintiff.

---

[1] We do not consider whether St. 1979, c. 738, although imposing limitations on the amount of surplus which can be retained, gives the district, by implication, greater discretion in the use of such funds.