Larkin, J.
This appeal raises the issue of whether a trial judge was correct in allowing a plaintiffs Motion for Summary Judgment in the context of an action pursuant to G.L.c. 90, § 7N seeking to obtain a refund of the purchase, price of an automobile.
Plaintiff Kevin S. Lahti (hereinafter “Lahti”) brought this action under G.L. c.90, § 7N[1] on the basis that an automobile which he had purchased from the defendant Linda Schwanzenberg allegedly failed the state mandated safety and emissions test within seven days of the sale. In her answer, the defendant denied the plaintiffs allegations and claimed, among other things, that Lahti received more than fair value for his money and was hot damaged by the sale. Following the completion of the pleadings and some pre-trial discovery, Lahti moved for summaryjudgment pursuant to Rule 56, Mass. R. Civ. P. Following argument, the trial judge allowed Lahti’s motion for summary judgment. Again, ft is the allowance of that motion which grounds the instant appeal.
In briefest compass, the facts of record are as follows:
On April 9,1984, Lahti purchased a used 1977 Buick Regal from Schwanzen-berg for $1,800 cash. Allegedly, the automobile was purchased for personal use. Prior to the sale, Lahti took the automobile for a “test drive” and was apprised by Schwanzenberg that the automobile was not in perfect condition and might need minor repairs. Schwanzenberg claims to have given Lahti a bill of sale marked sold “as is.”
*108 Within three or four days of the sale, Lahti brought the automobile to the Town Line Garage, Inc., located in the Town of East Princeton, for the purpose of having a state-mandated safety and emissions inspection performed. Allegedly, the automobile failed to pass the safety and emissions inspection Thereafter, by letter dated April 18,1984, Lahti notified Schwanzenberg of his intention to void the sale pursuant'to G.L. c. 90, § 7N, because the estimated costs of the repairs necessary to bring the car into compliance with the inspection test requirements exceeded 10 percent of the purchase price of the automobile. Schwanzenberg, in reply, argued that the total of all safety and emission repairs did not exceed 10 percent of the purchase price. In addition, Schwanzenberg allegedly offered to pay for necessary repairs at her own cost and expense, but Lahti declined the offer.
On April 26,1984, Lahti’s attorney hand-delivered the keys to the vehicle to Schwanzenberg’s attorney, along with documentation of the vehicle’s inspection failure and estimate of repairs. Lahti claims to have returned the automobile itself to Schwanzenberg on April 19,1984. In due course, the instant litigation commenced.
In support of his motion for summary judgment, Lahti attached a series of exhibits purporting to represent statements as to why the motor vehicle in question failed the emissions and safety tests. Further, he attached an estimate for repairs to the motor vehicle, as well as documentation relating to his intention to void the sale. In opposition to the summaryjudgment motion, Schwanzenberg presented to the court an affidavit of one Geza Marton, the operator of a licensed inspection station.[2] Marton, in his affidavit, estimated the necessary repairs at $32.51.
Despite this obviously countervailing evidence, the trial judge granted Lahti’s motion for summary judgment and ordered judgment against Schwanzenberg in the amount of $1,800 plus interest and costs of $107.75. It is the correctness of this ruling which is the sole issue here.
Rule 56 of the Massachusetts Rules of Civil Procedure provides for summary judgment when there is no genuine issue of material fact. It is now familiar that the duty of a trial judge, when considering a motion for summary judgment, is not to conduct a trial by affidavits or other supporting materials but simply to determine whether there is a substantial issue of fact. Henshaw v. Cabeceiras, 14 Mass. App. Ct. 225, 229 (1982). “The movant is held to a stringent standard . .. any doubt as to the existence of a genuine issue of material fact will be resolved against (him).” Foley v. Matulewicz, 17 Mass. App. Ct. 901, 1005 (1984). (Emphasis supplied).
There is no question that a stringent burden is placed on the movant in summary judgment actions and, because of this burden, the evidence *109 presented is always construed in favor of the party opposing the motion; quite simply, he is given the benefit of all favorable inferences that can be drawn from the factual matrix. Id. See Hub Associates, Inc. v. Goode, 357 Mass. 449, 551 (1970) [quoting from U.S. v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 994, 8 L.Ed. 2d 176 (1961)].
The determination of whether a factual issue is genuinely disputed involves two distinct questions:
(1) is there a fact issue appropriate for trial, and
(2) is that issue material?
County Photo Compositing Corporation v. J. Edward Pawlick, 1984 Mass. App. Div. 183, 187 (1984). Summary judgment is improper when the partj opposing the motion has alleged facts relating to the transaction on which suil has been brought which raise issues entitling him to a trial. Noyes v. Quincy Mutual Fire Insurance Co., 7 Mass. App. Ct. 723, 726 (1979). The barest “toehold” has been held sufficient to survive a motion for summary judgment. Mass. Equipment Corp. v. ITO Corp. of New England, 14 Mass. App. Ct. 231, 235, fur. app. rev. den., 387 Mass. 1103 (1982).
Moreover, it has been held consistently that a “court shall not grant a party’s motion for summary judgment merely because the facts he offers appear more plausible than those tendered in opposition, or because it appears that the adversary is unlikely to prevail at trial." Attorney General v. Bailey, 386 Mass. 367, 370, cert. den., 459 U.S. 970, 103 S.Ct. 30, 74 L.Ed.2d 282 (1982). Where conflicting affidavits generate questions of credibility, these issues of credibility are not to be resolved on a motion for summaryjudgment,/d., but must await the more capacious ventilating outlets of the untrammeled litigation process. See Foley v. Matulewicz, 17 Mass. App. Ct. at 1005; Jenkins v. Slender Woman, Inc., 7 Mass. App. Ct. 846, 878 (1979).
In this case, we believe that reasonable persons surely might differ on the evidentiary radiations of the facts set forth in the relevant papers of record before the motion judge. Quite simply, we cannot say that this record, in terms of factual analysis, is such that it can yield but one single and ineluctable conclusion — the indispensable sine qua non of the summary judgment process. County Photo Compositing Corporation, 1984 Mass. App. Div., at 189.
In a proceeding under G.L.c. 90, §7N, a buyer, in order to void the sale must prove each of the elements mentioned in the statute. Thus, he must demonstrate:
1. that within seven days of the sale, the vehicle failed to pass the safety and emissions inspection;
2. that the inspection station where the inspection was performed was licensed pursuant to § 7W of G.L.c. 90.
3. that the reason the vehicle failed to pass was not caused by abuse, neglect, accident or collision occurring after the sale;
4. that the cost of repairs exceeded ten percent of the purchase price of the vehicle;
5. that within ten days from the date of sale the buyer notified the seller of his intention to void the sale;
6. that within ten days from the date of sale the buyer delivered the vehicle to the seller;
7. that within ten days from the date of sale the buyer provided the seller with a written statement signed by an authorized agent of the inspection station stating the reasons why the vehicle failed to pass the prerequisite inspection;
8. that within ten days from the date of sale the buyer furnished the seller *110 with an estimate of the cost of necessary repairs;
9. that the vehicle was purchased for the immediate personal or family use of the buyer.
Heintz v. Malvone, 1980 Mass. App. Div. 157, 169 (1980). A failure to prove any essential element is fatal to his case and, as a matter of law, the Court must rule that the action must fail if this burden is not next. Id.
On this record, to argue that there is no dispute as to any of the elements of a G.L.c. 90, § 7N action is not possible. Clearly, each of the parties have divergent views as to the estimated cost of necessary repairs. In addition, there remains some question as to whether Lahti actually delivered the vehicle to the seller within 10 days of the sale. And there remains some ancillary question of procedure and evidentiary admissibility relative to certain of Lahti’s submissions.
For all of these reasons, we do not believe that the record is adequately developed for a proper resolution of the issues here. At bottom, we believe that a trial would indeed add “something” to this case and that the grant of plaintiffs motion for summary judgment was premature and constituted error. Accordingly, the action of the Trial Judge in granting plaintiffs motion for summaryjudgment is set aside and the case is to be returned to the Trial Court for further proceedings not inconsistent with this Opinion.

G.L.c. 90, § 7N, entitled “Voiding Contracts of Sale; Failure to Pass Safety or Combined Safety and Emissions Inspections” provides as follows: “ Notwithstanding any disdaimerof warranty, a motor vehicle contract of sale may be voided by the Buyer if the motor vehicle fails to pass, within seven days from the date of such sale, the safety or combined safety and emissions inspection at an inspection station licensed pursuant to Section Seven W; provided, that the defects which are the reasons for the failure to issue a certificate of inspection were not caused by the abusive or negligent operation of the motor vehicle or by damage resulting from an accident or collision occurring after the date of the sale; and provided, further, that the cost of repairs necessary to permit the issuance of a cert iiicate of inspection exceeds 10",. of the purchase price of the motor vehicle.
“Inorderto avoid a motor vehicle sale under this Section, the Buyer shall, within ten days from the . date of sale, notify the Seller of his intention to do so, deliver the motor vehicle to the Sellei, provide the Seller with a written statement signed by an authorized agent of such inspection station stating the reasons why the motor vehicle failed to pass the safety or combined safety and emissions inspection and an estimate of the cost of necessary repairs. The Buyer shall be entitled to a refund of his purchase price unless the Buyer and Heller agree in writing that the Heller may make the necessary repairs at his own cost and expense within a reasonable period of time thereafter. This section shall apply only to motor vehicles purchased for the immediate personal or family use of t he Buyer. ”

 Now comes Geza Marton under oath and penalties of perjury and sets forth the following:
1 .Thai I have been an auto mechanic since 19(50.
¿.That 1 currently operate an auto repair shop In the Town of Rutland, Massachusetts.
-l.Tliat I am a licensed inspection station pursuant to the Massachusetts Safety and Emission statutes which pertains to automobiles.
1.1 have read the attached documents marked "A", "I!” and “C”.
."> That I have read the document which says the vehicle failed because of the left tie rod and the excessive hydrocarbon which is "D".
(i. I have also read "1!” which is entitled "llih & nicks" and is a repair order.
7 liased on my background experience, knowledge and training and my review of “15”, the repair order, t he only necessary repairs pursuant to t he safety and emission inspection of Massachusetts ielated to the hydrocarbon defect, is the engine analysis In the right column for *12.015.
The only necessary repairs pursuant to the safety and emission inspection of Massachusetts related to the He rod,'Is a part billed lor $22.7)1 and labor for the tie rod replacement for $10.00 for a lotal of $02.51.
Signed under the pains and penalties of perjury this third day of August, 1984.